IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CRYSTAL M. GUDDE, )
 )
      Plaintiff, )
 )
v. )   Case No. 09-CV-2341 JWL/GLR
 )
EVERGREEN REALTY GROUP, LLC, )
d/b/a TOWN CENTER APARTMENTS, )
 )
      Defendant. )
_____ )

**MEMORANDUM AND ORDER**

Pending is Plaintiff's Motion to Compel Discovery Responses, to Extend Discovery Deadlines and for Sanctions (doc. 23). Plaintiff requests that the Court, pursuant to Fed. R. Civ. P. 37(a)(1), compel Defendant to respond to her Interrogatories, produce documents responsive to her Request for Production, and produce witnesses in accordance with her deposition notices. She also requests her costs for previously-noticed depositions, as well as extensions of the discovery deadlines, the final pretrial conference, and related deadline for submission of the pretrial order. Defendant has filed no response to the motion. For the reasons discussed below, the motion is granted in part and denied in part.

**I.**    **Background**

Plaintiff filed her Complaint on June 25, 2009. It alleges she suffered discrimination because of her sex and pregnancy and retaliation for her complaints against the discrimination. She also alleges violations of the Family and Medical Leave Act ("FMLA") by Defendant. She complains that Defendant denied and interfered with her leave rights under the FMLA and retaliated against

her for exercising them.

Defendant Evergreen Realty Group, LLC filed its answer July 30, 2009. The Court held a Scheduling Conference on November 4, 2009, setting a discovery deadline of February 19, 2010, and final pretrial conference for March 11, 2010. On December 16, 2009, counsel for Defendant filed a Motion to Withdraw (doc. 14). The Court granted the motion on January 14, 2010. This left Defendant, a limited liability company, unrepresented by counsel. The Order Authorizing Withdrawal as Counsel (doc. 18) instructed that all further notices, papers or pleading were to be served upon Defendant at the following address: Evergreen Realty Group, LLC, 1443 East Washington Blvd., Suite 820, Pasadena, CA 91104.

On January 11, 2010, Plaintiff served interrogatories and requests for production of documents on Defendant. On January 29, 2010, counsel for Plaintiff served deposition notices for witnesses identified by Defendant in its Rule 26(a) disclosures. Plaintiff noticed depositions for four of those witnesses for February 15 and 16, 2010, at the offices of her counsel. On February 11, 2010, her counsel sent a letter via overnight mail to Defendant to remind it of the noticed depositions set for February 15 and 16 and advising of her intent to proceed with them. Defendant produced none of the witnesses. Nor did it notify counsel for Plaintiff of any objections to the depositions as scheduled. Plaintiff incurred $104 in costs for a court reporter and for the appearance fee and transcription fee for the record of the non-appearance.

After making multiple attempts to confer with Defendant between January 29 and February 19, 2010, Plaintiff filed this motion to compel on February 19, 2010. Defendant has filed no response to the motion. The time for filing a response under D. Kan. Rule 6.1(d)(1) has expired.

**II.     Relief Sought**

Plaintiff makes several requests for relief in her motion. First, she requests the Court to enter an order to compel Defendant to immediately respond to the discovery requests. She also asks the Court to find that Defendant has waived its rights to object to her First Interrogatories and Requests for Production of Documents. Second, she asks the Court to find that Defendant has waived its rights to object to Plaintiff's Notices of Depositions and order it to produce the designated witnesses within the next 30 days. Third, she asks the Court to order Defendant to obtain legal counsel to defend itself in this matter within 30 days or otherwise enter a default judgment for Plaintiff. Fourth, Plaintiff asks for an award of her costs of $104, incurred for the court reporter in regard to the aborted depositions. Finally, she asks the Court to extend the deadlines for discovery and submission of a proposed pretrial order by 60 days and to continue the final pretrial conference.

In support of her motion, Plaintiff states her counsel has made reasonable efforts in good faith to confer with Defendant Evergreen to resolve these issues by agreement. But Defendant has responded in no way to her discovery requests, deposition notices, letters and telephone calls, all made to try to resolve these issues. The Court finds that Plaintiff has made reasonable attempts to contact and confer with Defendant before filing her motion.

**A.     Request for order compelling written discovery**

Plaintiff requests that the Court enter an order that Defendant has waived its rights to object to Plaintiff's First Interrogatories and First Requests for Production of Documents and compelling Defendant to immediately respond in full to the discovery requests. Plaintiff served these discovery requests on January 11, 2010. Defendant has never responded to them.

Federal Rule of Civil Procedure 33(b)(2) requires the responding party to serve its answers

and any objections to interrogatories within 30 days after being served with them. "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."[1] Requests for production of documents have a similar deadline of 30 days for responses. Rule 34(b)(2)(A) requires the party served with a request for production to respond in writing within 30 days after service of the request. The response "must either state that inspection . . . will be permitted as requested or state an objection to the request, including the reasons."[2] In the absence of good cause to excuse a failure to timely object, all objections not timely asserted in a response to a request for production are waived.[3]

Defendant has failed to serve answers and responses to Plaintiff's interrogatories and requests for production within the period of 30 days set by the Federal Rules. It has offered no excuse for its failure to respond or assert any objection to the discovery requests. Defendant has waived any objections it may otherwise have asserted to Plaintiff's First Interrogatories and First Request for Production.

**Within 30 days of the date of this Order**, Defendant shall serve its responses to Plaintiff's First Interrogatories and produce documents responsive to Plaintiff's First Request for Production. Said production shall take place at the offices of counsel for Plaintiff at 1621 Baltimore, Kansas City, Missouri, or at any other location to which the parties may agree. As Defendant has failed to serve any timely objections to Plaintiff's Interrogatories and First Requests for Production, all

---

[1] Fed. R. Civ. P. 33(b)(4).

[2] Fed. R. Civ. P. 34(b)(2)(B).

[3] *Starlight Int'l, Inc. v. Herlihy*, 181 F.R.D. 494, 497 (D. Kan. 1998) (citing *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 303 (D. Kan. 1996)).

objections are deemed waived. Accordingly, Defendant shall assert no objections to the interrogatories or requests for production.

B. **Request for order compelling production of witnesses for deposition**

Plaintiff also requests an order that Defendant has waived its rights to object to Plaintiff's Notices of Depositions and require it to produce the designated deponents at the offices of her counsel at a date she may determine within the next 30 days.

On January 29, 2010, Plaintiff served Notices to Take Deposition of four witnesses identified by Defendant in its Rule 26(a) disclosures. The Notices set the depositions to take place on February 15 and 16, 2010, at the offices of her counsel. On February 11, 2010, counsel for Plaintiff sent a letter by overnight mail, reminding Defendant of the scheduled depositions and that Plaintiff intended to proceed with them. The letter further advised that if the deponents failed to appear, Plaintiff would take appropriate steps to seek reimbursement of her costs and other sanctions.

The Court declines to compel Defendant to produce the four individuals named in the deposition notices. Plaintiff has not adequately identified them to the Court. Plaintiff claims they were all identified in Defendant's Rule 26(a) disclosures. But that information does not suffice to determine that the deponents were adequately notified simply by serving notices upon Defendant. A notice of deposition suffices to require a party to appear for deposition. If the deponent is not a party, he or she must be served with a subpoena, as provided in Fed. R. Civ. P. 45.[4] A subpoena is not necessary if the person to be examined is a party or an officer, director, or managing agent of

---

[4] 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2106 (3d 2010).

a party.⁵ In this case, the Court cannot ascertain whether the deponents are officers, directors, managing agents, current employees, former employees of Defendant, or simply non-party witnesses. Absent this information, the Court cannot determine that Defendant had an obligation to produce the designated individuals for deposition simply upon service of deposition notices to Defendant. The Court therefore denies the request to order Defendant to produce these individuals for deposition.

### C. Request for reimbursement of court reporter costs

Plaintiff seeks $104 in legal costs she incurred for the court reporter at the depositions. As already noted, the Court cannot determine that Defendant had an obligation to produce the deponents. It therefore denies the request for reimbursement from Defendant for the court reporter fees incurred at the scheduled depositions.

### D. Request for order requiring Defendant to obtain counsel

Plaintiff states in her motion that Defendant is a limited liability company and, as such, is required to have a licensed attorney to represent it in federal court. It is well settled that a corporation, trust, or any other unincorporated association may not represent itself *pro se*, or be a *pro se* party, but must be represented by licensed counsel.⁶ As a limited liability company, Defendant must appear through licensed counsel. Defendant is therefore ordered to retain counsel

---

⁵*Id.* at § 2107.

⁶*See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) (limited liability company could only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se).

to represent it in this action no later than **April 20, 2010**.  Defendant is admonished that its failure to retain counsel in this action may result in the entry of a default judgment against it and in favor of Plaintiff.

### E. Request for order extending case deadlines

Plaintiff asks for extensions of the discovery deadlines, the final pretrial conference, and related deadline for submission of the pretrial order.  Plaintiff has shown good cause for the extensions and grants them.  The Court extends the discovery deadline to **April 20, 2010**.  It continues the final pretrial conference to **May 13, 2010 at 2:15 p.m.** by telephone before Magistrate Judge Gerald L. Rushfelt.  The deadline for the parties to submit a proposed Pretrial Order is extended to **May 6, 2010.**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery Responses, to Extend Discovery Deadlines and for Sanctions (doc. 23) is granted in part and denied in part. **Within 30 days of the date of this Order**, Defendant shall serve its responses to Plaintiff's First Set of Interrogatories and to Plaintiff's First Requests for Production and produce the requested documents at the offices of counsel for Plaintiff at 1621 Baltimore, Kansas City, Missouri, or at such other location as the parties may agree.

**IT IS FURTHER ORDERED** that Plaintiff's request for an order to compel Defendant to produce four individuals for deposition pursuant to Plaintiff's notices of deposition and to pay court reporter costs incurred at the previously noticed depositions is denied.

**IT IS FURTHER ORDERED** that Plaintiff's request for an order requiring Defendant to obtain counsel is granted.  Defendant is ordered to retain counsel to represent it in this action no later than **April 20, 2010**.

**IT IS FURTHER ORDERED** that Plaintiff's request for extensions of the discovery and pretrial conference deadlines is granted as set forth herein.

Dated in Kansas City, Kansas, this 22nd day of March, 2010.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge
