IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CRYSTAL M. GUDDE, )
)
Plaintiff, )
)
v. ) Case No. 09-CV-2341 JWL/GLR
)
EVERGREEN REALTY GROUP, LLC, )
d/b/a TOWN CENTER APARTMENTS, )
)
Defendant. )
)

## ORDER REGARDING SUBSTITUTION OF PARTY

Pending before the Court is the Motion for Substitution (ECF No. 36), filed by Cindy and Rodney Gudde as successors and representatives of deceased Plaintiff Crystal M. Gudde (hereinafter referred to as "Movants"). Pursuant to Fed. R. Civ. P. 25(a)(1), Movants request an order to substitute themselves as the representatives and successors in interest to Plaintiff in this action. Plaintiff, a resident of Missouri, initiated this suit against her former employer Defendant Evergreen Realty Group, LLC upon claims of sex discrimination, retaliation, and violations of the Family and Medical Leave Act.[1] While the action was pending, Plaintiff died in a boating accident on September 4, 2010.[2] Plaintiff's attorney filed and served on Defendant a Statement Noting a Party's Death (ECF No. 35) on February 28, 2011. No party has filed any opposition to the present motion.

Fed. R. Civ. P. 25(a)(1) governs motions for substitution when the death of a party does not result in termination of the claim:

---

[1] 29 U.S.C. § 2601 *et seq.*

[2] Certificate of Death, attached as Ex. A to Mot. for Substitution (ECF No. 36).

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

The instant motion was filed on the same day as a statement noting the death was served on Defendant. Thus, the motion to substitute is timely filed under Fed. R. Civ. P. 25(a)(1).

Only if a claim is not extinguished may the Court order substitution of the proper party.[3] A claim is not extinguished if it survives the death of the party. Movants cite several cases to suggest that Plaintiff's claims are not extinguished by her death.[4] As the motion is unopposed, Defendant cites no law to the contrary. The Court agrees with Movants that the claims are not extinguished.

Next, the Court may order substitution only to the "proper party."[5] The Court will not grant a motion for substitution, unless a movant can show that the "proper party" requirement of Rule 25 is satisfied.[6] Under Missouri law, when an individual dies intestate and there is no surviving spouse, the entire intestate property shall descend and be distributed to the decedent's children.[7] Only if the

---

[3] Fed. R. Civ. P. 25(a)(1).

[4] *See* Mot. for Substitution (ECF No. 36) at 2 (citing *Hilsabeck v. Lane Co., Inc.*, 168 F.R.D. 313, 315 (D. Kan. 1996) (holding that claims of wrongful discharge, breach of contract, and retaliatory discharge under the Kansas Act Against Discrimination and Title VII survived plaintiff's death); *Anspach v. Tomkins Indus., Inc.,* 817 F. Supp. 1499, 1508, 1510 (D. Kan. 1993) (holding that Title VII and intentional infliction of emotional distress claims survived the death of the plaintiff); *Smith v. Midland Brake, Inc.*, 98 F. Supp. 2d 1233, 1236 n.1 (D. Kan. 2000) (noting substitution of plaintiff's wife as representative for plaintiff's estate in employment discrimination case); *Larson v. Am. Cyanamid Co.*, No. 86-4135-S, 1990 WL 10987, *1 n.1 (D. Kan. Jan. 30, 1990) (noting substitution of estate for deceased plaintiff in employment discrimination case)).

[5] Fed. R. Civ. P. 25(a)(1).

[6] *In re Motor Fuel Temperature Sales Practices Litig.*, No. 07-MD-1840-KHV, 2009 WL 2973221, at *2 (D. Kan. Sept. 11, 2009).

[7] Mo. Rev. Stat. § 474.010(2)(a).

decedent dies intestate with no surviving spouse, children, or children's decedents do parents receive distributions, distributions that are made in equal parts to parents and siblings.[8]

Movants state in the motion that they are parents of the Plaintiff, that she never married, and that she died intestate with two living minor children. Movants contend that no other person has a superior right or ability to be substituted for Plaintiff and that they are therefore the proper party plaintiffs. They offer no other evidence or law, however, to support that contention. Upon their own allegations the Court cannot find that Movants are a proper party. Movants do not explain why they as individuals are the proper party with an interest superior to the children of Plaintiff or her estate, or siblings, or their decedents.

Finally, Fed. R. Civ. P. 25(a)(3) requires that the motion to substitute, together with the notice of hearing and statement noting death, be served upon the parties as provided by Rule 5 and upon non-parties as provided by Rule 4. Rule 4(g) in turn provides for service of summons upon minors, following state law. In this case both the notice of death and the motion show attached certificates of service by certified mail, return receipt requested, upon each of the two minor children. But they fail to show any address for either child and, of course, fail to show any compliance with state law for return of service, whether by certified mail, return receipt requested (as suggested by the Certificate of Service) or by summons. Rule 25(a)(3) also requires that service of the motion for substitution must include service of a "notice of hearing." Movants should contact the chambers of the undersigned in order to obtain a date and time for such hearing and thus enable themselves to meet the requirement of the rule. Of course, the date should allow sufficient time for service and return of the process and for the non-parties to appear.

---

[8] Mo. Rev. Stat. § 474.010(2)(b).

**IT IS THEREFORE ORDERED THAT** the Motion for Substitution (ECF No. 36) is overruled for lack of compliance with Fed. R. Civ. P. 25(a)(3), as well as for failure to show that Movants, rather than the minor children, are the proper parties plaintiff to be substituted, and without prejudice to further motion for substitution that adequately complies with the Federal Rules of Civil Procedure.

Dated in Kansas City, Kansas on this 21st day of April, 2010.

S/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge