## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **CYNTHIA GUDDE, Personal** ) | |
| **Representative and Administrator of** ) | |
| **the Estate of Crystal M. Guddde, deceased,** ) | |
|    ) | |
|    **Plaintiff,** ) | |
|    ) | CIVIL ACTION |
| v.  ) | |
|    ) | No. 09-2341-JWL-GLR |
| **EVERGREEN REALTY GROUP, LLC,** ) | |
| **d.b.a. Town Center Apartments,** ) | |
|    ) | |
|    **Defendant.** ) | |

### REPORT AND RECOMMENDATION

### NOTICE

Within fourteen days after a party is served with a copy of this Report and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the Report and Recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

### REPORT AND PROPOSED FINDINGS

The above-captioned action came on for hearing before the undersigned magistrate judge on March 13, 2012, upon referral of the Renewed Application for Default Judgment and Request for Hearing on Damages, Attorneys' Fees and Costs (ECF No. 48). The substituted Plaintiff Cynthia Gudde, Personal Representative and Administrator of the Estate of Crystal M. Gudde, deceased, appeared in person and by her attorney Eric W. Smith. Defendant Evergreen Realty Group, LLC, d/b/a Town Center Apartments (Evergreen), although duly notified of the hearing (*see* dkt. entry, Jan.

24, 2012) failed to appear. There were no other appearances.

Pursuant to Fed. R. Civ. P. 55(b)(2), Plaintiff asks the Court to enter a default judgment against Defendant. Defendant initially appeared by counsel. Counsel moved to withdraw. The Court granted their motion and ordered Defendant to retain counsel no later than April 20, 2010. (ECF No. 24.) It has failed to do so. Defendant has made no further appearance in this case. The Court conducted phone status conferences on August 12, 2010, and September 15, 2011. Although notices were served upon Defendant (ECF Nos. 31 and 39), it made no appearance at either conference. On August 26 and 27, 2010, Plaintiff served Defendant with her Amended Complaint. (ECF No. 34 and 49.) Defendant has filed no answer or responsive motion. On February 21, 2012 the Court served Defendant with written notice of the hearing of March 13, 2012. Defendant has failed to appear or otherwise respond to any of these procedures. Accordingly, Defendant is in default. Default judgment against it, in accordance with Fed. R. Civ. P. 55(b)(2), as requested by Plaintiff, appears to be in order.

At the hearing of March 13, 2012, the Court heard the testimony of Cynthia Gudde and admitted into evidence Plaintiff's Exhibits 1 through 6. It also took judicial notice of the Charge of Discrimination, filed with the Equal Employment Opportunity Commission (EEOC), and the Notice of Right to Sue, issued by the EEOC, both of which are attached as exhibits to the original complaint. (ECF No. 1.) After hearing and considering the evidence and the statements and arguments of counsel, the magistrate judge makes and proposes the following findings:

1. The original plaintiff Crystal M. Gudde filed her Amended Complaint (ECF No. 34). It asserts against Defendant as her former employer three claims for damages and related relief for statutory violations as follows: "Count 1 - Sex Discrimination (Pregnancy)" and "Count II -

Retaliation" allege violations of Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2000e et seq. (Title VII).  "Count III - FMLA Interference and/or Retaliation" alleges violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 (FMLA).

2. The Court has jurisdiction of the subject matter of this action, pursuant to 28 U.S.C. § 1331.

3. Crystal M. Gudde died September 4, 2010.  Upon a Renewed Motion for Substitution the Court on October 25, 2011, ordered that Cynthia Gudde, personal representative and administrator of the Estate of Crystal M. Gudde, deceased, be substituted as plaintiff.

4. The Court has personal jurisdiction of the parties plaintiff and defendant.

5. On December 30, 2008, Crystal Gudde filed with the EEOC her Charge of Discrimination against Defendant.  It alleged sex and pregnancy discrimination and retaliation.  On March 27, 2009, the EEOC issued to her a Notice of Right to Sue.  Plaintiff has thus exhausted her administrative remedies.  The Court has jurisdiction to proceed upon her claims under Title VII.

6. At all material times before her termination Plaintiff was an employee of Defendant, and Defendant was and is an employer of more than 250 employees, within the meaning of Title VII and the FMLA.

7. On or about November 6, 2006, Plaintiff's deceased Crystal Gudde began her employment for Defendant as a Leasing Consultant at its Town Center Apartments in Overland Park, Kansas. On April 1, 2008, Defendant promoted her to the position of Assistant Manager.  Shortly thereafter she became pregnant.  She requested Defendant to grant her maternity leave from her employment, because of her pregnancy and anticipated childbirth.  Defendant denied her request.  It then denied that she had been promoted, denied her a previously promised increase in pay, and subjected her to

unreasonable, unjustified disciplinary action. Defendant took no action to address her complaints of pregnancy discrimination, which she made to its human resources staff. Defendant terminated her employment without good cause on November 11, 2008.

8. Defendant thus discriminated against Crystal Gudde in the terms and conditions of her employment and ultimately by her termination, all due to her gender and pregnancy and in retaliation for her complaints about its unfairness and refusal to grant her leave of absence because of her pregnancy.

9. Crystal Gudde died September 4, 2010, from causes unrelated to her employment. As a direct result of sex and pregnancy discrimination by Defendant, she sustained during her lifetime the following monetary losses, dating from April 1, 2008, through her termination on November 11, 2008, and to her death on September 4, 2010: back pay and employment benefits, including loss of commissions, annual leave, furnished apartment with paid utilities, and health insurance, less mitigation for other earned income, for a total net loss of $100,791.60.

10. Plaintiff is entitled to prejudgment interest of $15,622.73, calculated at ten per cent, compounded annually from date of death, September 4, 2010, to approximate date of judgment.

11. As a direct result of Defendant's discriminatory and retaliatory conduct, Crystal Gudde experienced throughout the remainder of lifetime persistent emotional distress, pain, suffering, depression. sleeplessness, embarrassment, loss of enjoyment of life, and aggravated stress during her pregnancy. She was about eight months pregnant, when Defendant terminated her. She and Plaintiff should be awarded additional compensatory damages of $100,000.

12. The discriminatory and retaliatory conduct of Defendant against Crystal Gudde was without excuse. Defendant well understood its duties as an employer to comply with the FMLA,

given its reference to those obligations, published in its "Evergreen Employee Handbook." (Pl. Ex. 4, p. 13.)  At all material times it was aware of her pregnancy and her desire to continue her employment with Defendant, following the maternity leave that she requested.  Yet without excuse it continued to deny her employment benefits it had already promised, imposed unreasonable employment disciplines it had not previously imposed, and finally terminated her without any valid reason.  The conduct of Defendant was malicious and indifferently reckless toward Crystal Gudde. An award of punitive damages upon the Title VII claims is warranted in the amount of $100,000.

       13.  Upon her FMLA claim Plaintiff is entitled to liquidated damages of $116,414.33, an amount that is equal to the loss of back pay and benefits ($100,791.60) and prejudgment interest ($15,622.73).

       14.  Plaintiff has incurred reasonable attorneys fees in this action in the total amount of $40,574.50 and reasonable costs in the total amount of $735.00, for which Defendant should compensate her.

## RECOMMENDATION

For the foregoing reasons the magistrate judge recommends that the Court enter default judgment in favor of Plaintiff and against Defendant Evergreen Realty Group, LLC, as follows:  A total amount of $432,828.66 for all damages and $41,309.50 for attorneys fees and incidental costs and for the costs of this action.  Damages should be apportioned to the several claims as follows: Back pay and employment benefits, pursuant to the claims under Title VII and FMLA, $100,791.60; prejudgment interest on the claims for back pay and employment benefits, pursuant to the claims under Title VII, $15,622.73; compensatory damages for emotional pain, suffering, mental anguish, and loss of enjoyment of life, pursuant to the claims under Title VII, $100,000; punitive damages,

pursuant to the claims under Title VII, $100,000; liquidated damages, pursuant to the claims under FMLA, $100,000; and attorneys fees of $40,574.50 and incidental expenses of $735 incurred by counsel.  In accordance with 28 U.S.C. § 1961(a), the Court should grant Plaintiff post-judgment interest from date of judgment until the date the judgment is paid.

Respectfully submitted on this 20th day of March, 2012, in Kansas City, Kansas.

s/Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge
